upon his plea of guilty, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [3]), defendant contends that County Court failed to engage in an adequate colloquy to ensure that his waiver of the right to appeal was knowing and voluntary (*see generally People v McQuiller*, 19 AD3d 1043, 1044 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). Even assuming, arguendo, that the waiver by defendant of the right to appeal is invalid and thus does not encompass his challenge to the court's refusal to adjudicate him a youthful offender, we nevertheless reject that challenge (*see* CPL 720.20 [1] [a]; *People v McDaniels*, 19 AD3d 1071, 1072 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Potter*, 13 AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIAMOND P. BUSSEY, Appellant. [853 NYS2d 518]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE J. CARITHERS, Appellant. [853 NYS2d 518]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK A. JONES, Appellant. (Appeal No. 1.) [852 NYS2d 905]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK A. JONES, Appellant. (Appeal No. 2.) [852 NYS2d 905]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKETHY MCCLELLAN, Appellant. (Appeal No. 2.) [856 NYS2d 351]—

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to the contention of defendant, Supreme Court properly determined that he failed to meet his burden of establishing that African-Americans were " 'systematically excluded' " from jury service (*People v Guzman*, 60 NY2d 403, 410 [1983], *cert denied* 466 US 951 [1984]; *see* CPL 270.10 [1], [2]), and we conclude that defendant's statutory and constitutional rights to a jury pool representing a fair cross section of the community were not violated (*see People v Shedrick*, 66 NY2d 1015, 1017 [1985], *rearg denied* 67 NY2d 758 [1986]; *Guzman*, 60 NY2d at 410; *People v Jordan*, 261 AD2d 947 [1999], *lv denied* 93 NY2d 1003 [1999]; *see generally* Judiciary Law § 500).

Defendant failed to preserve for our review his contention